# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 113 | **DATE** | 2/5/2013 |
| **CASE TITLE** | Stanton J Thompson (N-03882) vs. Trina S. Peed, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, and since Plaintiff has not paid the filing fee in this action, has three prior strikes pursuant to 28 U.S.C. § 1915(g), and has committed a fraud on this court, the instant action is dismissed. Civil case terminated.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On January 7, 2013, Plaintiff Stanton J. Thompson (Thompson) brought the instant action. Thompson has not paid the filing fee or filed a motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Thompson indicates that he is currently incarcerated. The court docketing systems indicate that Thompson has filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. On May 24, 2010, in case number 10 C 3134, the court dismissed Thompson's case based on an initial review of the complaint by the court, stating that Thompson had failed to state an actionable federal claim. On June 22, 2010, in case number 10 C 3218, the court dismissed Thompson's case based on an initial review of the complaint by the court, holding that Thompson's claims in his complaint were frivolous. Also, on June 22, 2010, in case number 10 C 3088, the

court dismissed Thompson's case based on an initial review of the complaint by the court, holding that Thompson failed to state a valid federal claim. The docketing system for the Central District of Illinois also indicates that other cases brought by Thompson that were similarly dismissed. (10 C 1101; 10 C 1136). Thus, Thompson has already accrued three strikes. In addition, Thompson also failed to indicate the filing of such prior cases on his *pro se* complaint form, thus committing a fraud on this court.

In the instant action, Thompson contends that is incarcerated and that his constitutional rights were violated because he was denied access to certain religious materials and services. The allegations in the complaint do not suggest that Thomson is under imminent danger of serious physical injury. Therefore, since Thompson has not paid the filing fee in this action, has three prior strikes pursuant to 28 U.S.C. § 1915(g), and has committed a fraud on this court, the instant action is dismissed.